IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NANCY BEHRENS,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | § | CASE NO. 4:23cv181 |
| | § | |
| FIRST STATE BANK,<br>    Defendant. | §<br>§<br>§ | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Nancy Behrens (hereinafter "Plaintiff"), and files this original complaint against First State Bank (hereinafter "Defendant"), and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Nancy Behrens is an individual residing in Grayson County, Texas.

2. Defendant First State Bank is a Texas state financial institution doing business in Texas and may be served through its Chief Executive Officer, Ryan Morris, 1818 N. I-35, Gainesville, Texas 76240.

### II. JURISDICTION

3. Jurisdiction is founded on federal question, specifically 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. All prerequisites to filing suit have been met.

### III. FACTS

5. Plaintiff was employed by Defendant for approximately seven (7) months beginning on or

about August 16, 2021.  At the time of her discharge on or about June 21, 2022, she was employed as the Senior Vice President, Lending Operations.  At the time of her discharge, Plaintiff was 67 years of age.  Plaintiff maintained a good work record with no disciplinary action.

6.  Upon information and belief, Defendant had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADEA.

7.  Plaintiff has over 40 years of experience in Secondary Mortgage Markets.  She was hired by Defendant specifically for that experience.  Her immediate supervisor was Rick Jamieson, Executive Vice President and Chief Credit Officer, (approximately 45-50 years of age).

8.  On her arrival at First State Bank, Plaintiff found a lending department that lacked quality control and teamwork.  She immediately set out new procedures and received great compliments from the entire executive team including Mr. Jamieson, her supervisor.

9.  In October 2021, Mr. Jamieson negotiated to hire a friend of his (Valerie Pettingill, approximately 45-50 years of age) into Plaintiff's department with a salary that was just below that of the Team Lead in the department.  Furthermore, he provided her with $5,000.00 for moving expenses, which was not offered to Plaintiff at the time of her hire.

10.  On May 3, 2022, Plaintiff received an email from Mr. Jamieson and at the end he said he needed her support.  Plaintiff texted him and asked if he thought he did not have it.  He then replied that he thought he did have her support.

11.  Later in May 2022, Plaintiff received another email from Mr. Jamieson that was confusing.  He said she was condescending and not easy to talk to.  In the same email, he also said she had done a good job and that they needed to work together.

12.     In response, Plaintiff texted him and asked if he was angry with her. He responded that he was not at all.

13.     Plaintiff was mandated to put an employee, Melissa Shankles (approximately 35-40 years of age) on a Performance Improvement Plan ("PIP") in May 2022. She was told that it was the policy of the bank to utilize a PIP before discharging an employee. She then worked with Ms. Shankles during May and June and it was a positive experience resulting in Ms. Shankles' improvement. Plaintiff subsequently recommended in her June 16, 2022 weekly PIP update that Ms. Shankles' PIP end.

14.     In June 2022, Plaintiff wanted to discharge another employee, Melissa Fowler (approximately 55 years of age); however, Shauna Clark, Senior Vice President, Human Resources, and Mr. Jamieson required she be offered a PIP first. Plaintiff drafted the PIP and Ms. Clark wanted Mr. Jamieson involved in its creation. After his input, Ms. Fowler was offered the PIP but she tendered her resignation instead. Ms. Clark told Plaintiff after Ms. Fowler's resignation that HR must review all PIPs before they are presented to the employee.

15.     On June 21, 2022 at about 7:13 a.m., Plaintiff received a text from Mr. Jamieson to meet him in the conference room. When she arrived, he and Shauna Clark, Senior Vice President, Human Resources, (approximately 45 years of age) were there. They all sat down and Mr. Jamieson said, "I find that I don't have confidence in your ability to lead the department; today is your last day" and he left the room.

16.     Plaintiff asked Ms. Clark about a Performance Improvement Plan and was told that Plaintiff had received emails to that effect. Plaintiff had not received any email that addressed performance issues. Ms. Clark told Plaintiff her personal belongings would be sent to her.

17. Plaintiff requested copies of the emails Ms. Clark referenced but Defendant refused to supply them.

18. Upon information and belief, Plaintiff was replaced by Brittney Lee (approximately 35-40 years of age). Ms. Lee has significantly less experience in banking and in lending than Plaintiff has.

19. At the time of her discharge, Plaintiff was earning approximately $125,000.00 per year base salary plus benefits for a package worth approximately $159,525.00 per year.

20. Plaintiff contends she was discriminated against and discharged on the basis of her age (67 years).

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

### Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

21. Plaintiff incorporates the factual allegations contained in paragraphs 5-20 herein as if set out verbatim.

22. Plaintiff was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff from discrimination on the basis of age.

23. Plaintiff was 67 years of age at the time of her removal as Senior Vice President, Lending Operations.

24. Plaintiff was well qualified for the position of Senior Vice President, Lending Operations, based upon her education, training, and over forty (40) years of experience in banking and secondary mortgage markets.

25. Defendant's eventual stated reason for discharging Plaintiff as Senior Vice President, Lending Operations, is purely pretextual, as Plaintiff had never received a negative performance review and was never given notice of deficiencies of any kind.

26. Plaintiff claims all relief, legal and equitable that effectuate her rights under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

27. Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

28. On or about July 7, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 8, 2023, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated February 8, 2023.

29. In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## V. STATE CLAIMS FOR RELIEF AND DAMAGES

### Violations of TEX. LABOR CODE § 21.051, *et seq.*

A.   **Discrimination on the Basis of Age**

31. Plaintiff incorporates the factual allegations contained in paragraphs 5-20 herein as if set out verbatim.

32. Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from discrimination on the basis of age.

33. Plaintiff was 67 years of age at the time of her termination by Defendant.

34. Plaintiff was well qualified for the position of Senior Vice President, Lending Operations, based upon her education, training, and over forty (40) years of experience in banking and secondary mortgage markets.

35.     Any reason Defendant may offer for discharging Plaintiff as Senior Vice President, Lending Operations, is purely pretextual, as Plaintiff performed her job duties in an acceptable manner.

36.     Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

37.     Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all damages as authorized by TEX. LABOR CODE § 21.2585.

38.     Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

39.     On or about July 7, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 8, 2023, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated February 8, 2023.

## VI.  DAMAGES

40.     Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.

41.     Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

42.     Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

43.     Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by TEX. LABOR CODE § 21.2585.

## VII. ATTORNEY'S FEES

44.     Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees.

## VIII. JURY DEMAND

45.     Plaintiffs request that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; mental anguish; punitive damages; liquidated damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**